Cowan v. Bouffleur, 192 Ill. App. 21.

## Bridget A. Cowan, Appellee, v. Albert I. Bouffleur, Appellant.

### Gen. No. 19,883.    (Not to be reported in full.)

Appeal from the Circuit of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed February 4, 1915. Rehearing denied February 16, 1915.

## Statement of the Case.

Action by Bridget A. Cowan against Albert I. Bouffleur for malpractice. From a judgment for $10,000 against defendant in favor of plaintiff, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The plaintiff claimed that the defendant, during an operation to remove an ovary, the appendix, hemorrhoids, etc., inserted a certain piece of gauze in the plaintiff's vagina, and that he failed to remove the same, and that he allowed it to remain in the plaintiff's body for a long time (thirty-three days); that he discharged the plaintiff from his care without removing the gauze or causing the same to be removed, and without informing the plaintiff of the presence of the gauze in her body; that as a direct result of the defendant's failure to remove or cause to be removed the gauze, it became rotten and putrid, and the plaintiff's health was seriously injured thereby.

The defendant was the Chief Surgeon of the Chicago, Milwaukee and St. Paul Railroad Company, and the plaintiff's husband was the chief inspector of the same company, and the plaintiff procured the services of the defendant through her husband. The plaintiff, in accordance with the defendant's orders, was taken to the Monroe Street Hospital in Chicago, on December 31, 1908. The defendant was the president of this hospital and hired and discharged the internes and other attachés connected with the same. The husband of the plaintiff testified that the defendant referred to this hospital as "his own private hospital." He also testified that the defendant agreed to perform the operation and to look after the plaintiff personally after the operation. The defendant testified that he agreed to perform the operation personally, but that nothing was said by either the plaintiff's husband or himself as to the care of the plaintiff after the operation. The defendant performed the operation, assisted by an interne and a house physician connected with the hospital. The plaintiff remained in the hospital until February 1, 1909, when she was discharged. The defendant admitted that he inserted a piece of gauze in the plaintiff's vagina at the time of the operation,

but he insisted that he removed the same after the completion of the operation. The plaintiff testified that no gauze was ever placed in her body by anyone after the time of the operation. The defendant introduced evidence tending to show that after the operation in question one of the two assistants in the operation placed gauze in the vagina of the plaintiff while she was in the hospital. The operation was performed January 4, 1909. On February 27th, Dr. Hyde removed a piece of gauze from the vagina of the plaintiff, and same was putrid and had an exceedingly bad odor. The evidence tended to show that the gauze removed by Dr. Hyde on February 27th was the same that was placed in the vagina of the plaintiff by the defendant at the time of the operation.

The theory of the plaintiff was that the defendant agreed not only to perform the operation, but to give the plaintiff his personal care and attention after the operation. The theory of the defendant was that he agreed to give the plaintiff his personal care and attention only as to the operation, and that he was not responsible for any consequences to the plaintiff occurring through a lack of care and attention on the part of others after the operation.

H. L. HOWARD, for appellant.

CHARLES J. TRAINOR, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

### Abstract of the Decision.

1. TRIAL, § 187*—*preponderance of evidence not raised by motion for directed verdict.* Where a trial court passes upon a motion for a peremptory instruction the question of preponderance of the evidence does not arise.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2.  PHYSICIANS AND SURGEONS, § 15*—*effect of gauze left in wound as causing pain and sickness.* In an action for malpractice, evidence *held* to tend to prove that plaintiff's sickness, pain and suffering sustained after an operation were caused by gauze being allowed to remain in her body for an unwarranted period of time.

3.  PHYSICIANS AND SURGEONS, § 23*—*proper refusal of instructions ignoring special contract of employment.* Where there was evidence tending to show that a surgeon, by special contract, agreed to give to the plaintiff his personal care and attention after the performance of an operation and in connection therewith, instructions which directed a verdict and which ignored the alleged special contract were properly refused.

4.  PHYSICIANS AND SURGEONS, § 23*—*when instruction as 'to mistake of judgment inapplicable.* Where plaintiff's claim for malpractice was not in any way predicated upon an alleged mistake of judgment on the part of the defendant, an instruction that if the defendant used ordinary skill and care  in the treatment of plaintiff, but made a mistake in judgment, that the defendant was not liable for the result of such mistake under the law, *held* properly refused as misleading.

5.  PHYSICIANS AND SURGEONS, § 23*—*where instructions requested are covered by instructions given.* In an action for malpractice, it is not erroneous to refuse to give an instruction, the subject-matter of which is fully covered by other instructions given at the instance of the same party.

6.  PHYSICIANS AND SURGEONS, § 21*—*where expert testimony not based on personal knowledge.* In an action for damages for malpractice, a physician testifying as an expert as to the consequences that would follow from an assumed state of facts need not have personal knowledge as to the position of gauze in the plaintiff's body after an operation or its condition when removed.

7.  APPEAL AND ERROR, § 472*—*necessity of exceptions to remarks of court for review.* Where no exception is taken by counsel for defendant to a statement or to the ruling of the court, defendant is not in position to complain of same on appeal.

8.  PHYSICIANS AND SURGEONS, § 21*—*waiver of right to object to evidence for variance.* Where it was contended that the declaration did not charge the defendant with being negligent through any other person than himself, and that it specifically averred that the negligent acts or omissions were the personal acts and omissions of the defendant, and that it was error to instruct the jury that the defendant was liable for negligence on the part of others or to refuse to instruct the jury that the defendant was not liable for the acts of negligence of servants, or agents or house physicians of a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

hospital, *held* defendant waived whatever right he had to insist upon the alleged variance, since he did not object to any evidence bearing on the question of his alleged negligence through others on the ground of variance, and did not at any time in any way, point out any alleged variance to the trial court.

9. PHYSICIANS AND SURGEONS, § 21*—*necessity for objecting to evidence on the ground of variance.* In an action for malpractice, where defendant fails to object to the introduction of evidence or to point out an alleged variance between the declaration and the proof, so that the declaration may be amended at the trial if desired, the objection of variance cannot be raised for the first time on appeal.

10. INSTRUCTIONS, § 121*—*when may be based on improper evidence admitted without objection.* Where the plaintiff introduced evidence tending to prove defendant's negligence, through the acts of others, and the defendant accepted such evidence as competent and introduced evidence for the purpose of rebutting the same, it was proper, under such circumstances, to base instructions on this evidence introduced by the plaintiff, even though such evidence might have been excluded had the defendant objected to the same when offered.

11. PHYSICIANS AND SURGEONS, § 18*—*amount of damages recoverable.* In an action for malpractice in performing a surgical operation, a verdict for $10,000 is *held* not to be excessive as against the weight of the evidence.